UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LINDA CAWLEY-HERRMANN, an individual,

Plaintiff,

v.

MEREDITH CORPORATION, an Iowa Corporation, d/b/a KPTV FOX-12 News,

Defendant.

Case No. 09-5118RJB

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

This matter comes before the Court on the Defendant's Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(6) (Dkt. 10). The Court has considered the relevant documents and the remainder of the file herein.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On March 6, 2009, the Plaintiff filed a civil suit alleging that the Defendant invaded her privacy by publicizing Plaintiff's identity as the subject of false and unsubstantiated allegations that she had abused one of her students. Dkt. 1 at 1. On May 21, 2009, the Defendant filed a Motion to Dismiss Pursuant to Fed.R.Civ.P 12(b)(6). Dkt. 10.

In the spring of 2007, Plaintiff Linda Cawley-Herrman, an elementary school teacher, was involved in an incident with a student. Dkt. 16 at 1. As a result of the incident, the Plaintiff became the subject of allegations that she had assaulted the student. Dkt. 16 at 3. On March 19, 2007, during FOX-12 News' 10 O'Clock News television broadcast, the Defendant identified Ms.

ORDER - 1

Cawley-Herrmann as the subject of an alleged assault on a student. Dkt. 16 at 4. Defendant repeatedly named Ms. Cawley-Herrmann in the course of the broadcast and repeatedly displayed Ms. Cawley-Herrmann's picture. Dkt. 1 at 4. At the time of the Defendant's news broadcast, neither the Battle Ground Police nor the school district would release Ms. Cawley-Herrmann's identity because there were no charges filed against her. Dkt. 1 at 4. It is not contested that the assault allegations were false and unsubstantiated.

## II. DISCUSSION

Federal Rule of Civil Procedure 8(a)(2) provides that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Under Fed. R. Civ. P. 12 (b)(6), a complaint may be dismissed for "failure to state a claim upon which relief can be granted." Dismissal of a complaint may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*internal citations omitted*).

Accordingly, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)(*citing Twombly*, at 570). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. First, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.*, at 1950. Secondly, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "In sum, for a complaint to survive a motion to dismiss the non-conclusory factual content, and reasonable inferences from that content must be plausibly suggestive of a claim entitling the pleader to relief." *Moss v. U.S.*

ORDER - 2

*Secret Service,* 2009 WL 2052985 (9th Cir. July 16, 2009).

If a claim is based on a proper legal theory but fails to allege sufficient facts, the plaintiff should be afforded the opportunity to amend the complaint before dismissal. *Keniston v. Roberts*, 717 F.2d 1295, 1300 (9th Cir. 1983). If the claim is not based on a proper legal theory, the claim should be dismissed. *Id*. "Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment." *Moss v. U.S. Secret Service,* 2009 WL 2052985 (9th Cir. July 16, 2009).

Washington law applies to this diversity case. Washington State recognizes the common law right of privacy and that an individual may bring a cause of action for invasion of that right. *Reid v. Pierce County*, 136 Wash.2d 195, 206, 961 P.2d 333 (1998). One who gives publicity to a matter concerning the private life of another is subject to liability to the other for invasion of privacy, if the matter publicized is of a kind that (a) would be highly offensive to a reasonable person, and (b) is not of legitimate concern to the public. *Id*. (*citing* Restatement (Second) of Torts § 652D (1977)). The nature of the facts protected by the right of privacy is identified by *Cowles Publ'g Co. v. State Patrol*, 109 Wash.2d 712, 748 P.2d 597 (1988) as follows:

> Every individual has some phases of his life and his activities and some facts about himself that he does not expose to the public eye, but keeps entirely to himself or at most reveals only to his family or to close personal friends.... When these intimate details of his life are spread before the public gaze in a manner highly offensive to the ordinary reasonable man, there is an actionable invasion of his privacy, unless the matter is one of legitimate public interest.

*Cowles Pub'g Co.*, 109 Wash.2d at 721.

The Complaint does not state a claim upon which relief may be granted by this Court. In this case, the Plaintiff has alleged that defendant gave publicity to a matter concerning Ms. Cawley-Herrmann's private life. Dkt. 1 ¶13. The Plaintiff alleges that "FOX-12 News identified Ms. Cawley-Herrmann as the subject of the false and unsubstantiated allegation that she had assaulted one of her students in eight (8) different reports." Dkt. 1 ¶ 9. Plaintiff states that "FOX-12 News specifically, named Ms. Cawley and also published her photograph in the course of that broadcast." Dkt. 1 ¶ 9. Notably, "Plaintiff does not quarrel with Defendant's reporting on the incident." Dkt. 16 at 2. Plaintiff's complaint is not about the content of the reports, but of the

ORDER - 3

fact they were broadcast.

The Defendant must give publicity to a matter concerning the <u>private</u> life of another to be liable for invasion of privacy. In this case, the Defendant identifying Ms. Cawley-Herrmann and showing her picture on a news report does not create liability in the Defendant for invasion of privacy since the report did not concern her private life as defined in *Cowles*, *supra*. Ms. Cawley-Herrmann's name is not a fact that she keeps entirely to herself or at most reveals only to her family or close personal friends. Neither Plaintiff's name nor image are intimate details of her private life, nor are the events of the alleged assault within the *Cowles* zone of privacy.

Plaintiff, however, argues that *Bellevue John Does 1 through 11 v. Bellevue School District No. 405*, 164 Wash.2d 199, 189 P.3d 139 (2008) stands for the proposition that "teachers who are the subject of unsubstantiated allegations of misconduct involving a student have a right to privacy in their identity." Dkt. 16 at 12. Thus, the Plaintiff argues, when the Defendant publicized her name, it was an invasion of her privacy.

The Court is not persuaded by the Plaintiff's argument. The *Bellevue John Does* majority, in a divided court, announced the holding in the second paragraph of the opinion, as follows:

> Thus, we hold the identities of public school teachers who are subjects of unsubstantiated allegations of sexual misconduct are exempt from disclosure under Washington's public disclosure act (PDA), former chapter 42.17 RCW, *amended and recodified* as chapter 42.56 RCW (Laws of 2005., ch. 274).

*Bellevue John Does*, 164 Wash.2d at 205. The holding was repeated in part IV, conclusions, of the majority opinion as follows:

> We hold a teacher's identity should be released under the PDA only when alleged sexual misconduct has been substantiated or when that teacher's conduct results in some form of discipline, even if only a reprimand.

*Id*. at 227. The majority in *dicta* seemed to expand the holding beyond the state's Public Disclosure/Public Records Acts, 42.56 RCW (*amending and recodifying* 42.17 RCW), using the following language:

> In short, when there is an allegation of sexual misconduct against a public school teacher, the identity of the accused teacher may be disclosed to the public only if the misconduct is substantiated or the teacher's conduct results in some form of discipline.

*Id*. at 205. Plaintiff seizes this language to argue for the broad claim that plaintiff has a right to

ORDER - 4

privacy, enforceable against the news media, in the circumstances presented here. Plaintiff goes too far. This Court will not extend Washington law beyond the actual holdings of the Washington Supreme Court quoted above. Plaintiff's reliance on *Bellevue John Does* is unavailing.

### III. ORDER

For the foregoing reasons, it is hereby ORDERED that:

(1) The Defendant's Motion to Dismiss (Dkt. 10) is **GRANTED**;

(2) The case is DISMISSED;

(3) Plaintiff's Cross-Motion for Partial Summary Judgment (Dkt. 16) DENIED as moot; and

(4) Defendant's Motion to Hold Summary Judgment in Abeyance (Dkt. 22) DENIED as moot.

DATED this 8th day of September, 2009.

Robert J Bryan
United States District Judge